*LANDREAUX & AL. vs. CAMPBELL.*

When the redhibitory malady did not manifest itself within three days after the sale, evidence must be given of its previous existence.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is a redhibitory action, in which the plaintiffs claim restitution of the price of a slave, named Ned, which they allege was affected with the absolute vice of madness (as denominated by the *La. Code*) at the time they purchased him from the defendant. They obtained judgment in the court below, from which the latter appealed.

A decision of the cause depends principally on matters of fact, applicable to the provisions of the 2508th art. of the code.

According to these provisions, " a buyer, who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. But when it has made its appearance within three days, immediately

following the sale, it is presumed to have ex-
isted before the sale."

Eastern District.
*January*, 1830.

LANDREAUX
ET AL.
*vs.*
CAMPBELL.

In the present case, there is no evidence
which shows the existence of the malady or
vice previous to the sale; several witnesses
were examined on the part of the defendant,
who prove the soundness of the slave in ques-
tion, previous to, and at the time he was sold
to the plaintiff. The act of sale was passed
at Natchez, on the 4th of January, 1828, and
recorded in the office of a notary, in the city
of Nsw-Orleans, on the 12th of the same
month. The precise time at which Ned (to-
gether with other slaves bought at Natchez,
and conveyed to the plaintiff by the same act,)
arrived on the plantation of the purchasers,
is not shown by the testimony of the cause.
There were then witnesses examined for the
appellees, two by commissions on interroga-
tories, and one in open court. The first of
these appears to have been the overseer of
the plaintiffs, at the period when the slaves
were brought to their plantation, and is the
only one, who, according to the facts decla-
red in the testimony of all three, was in a sit-
uation to discover any appearance of madness
in Ned, within three days after the sale He

Eastern District
*January*, 1830.

LANDREAUX
ET AL.
*vs.*
CAMPBELL.

states that he remained on the plantation, from the arrival of the slaves, some time in January, until the 6th of February, or about one month after they were placed under his management. During that period, he declares that he did not percieve that the negro was attacked by any infirmity, *d'acune infir-mité*: he only appeared to be of a feeble constitution, was lazy, and would not work without being constantly watched; and when out of sight of the overseer, he would quit his work, and wander from one place to another, gesticulating alone, *tout seul*. This testimony certainly exhibits great defects in the slave, but does not, in our opinion amount to proof of madness; at all events of its appearance within three days from the time of purchase; and there is no proof that he was subject to any mental derangement, previous to that period. Considering the many frauds which are practiced on purchasers, by professed dealers in this species of property, we have reluctantly come to a conclusion on the facts, different from that at which the judge *a quo* arrived: but it is believed by us, that the plaintiffs have not sustained their claim for redhibition by such proof as is required by law.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and that judgment be here entered as of non-suit; the plaintiffs and appellees to pay cost in both courts.

*Eustis* for the plaintiffs, *Mc Caleb* for the defendant.